## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

P 12: 39

| | |
|---|---|
| **HILO ENTERPRISES, LLC**, a Delaware limited liability company,<br><br>And<br><br>**UNITED STATES OF AMERICA**, *ex rel*. Hilo Enterprises, LLC<br><br>      Plaintiff,<br><br>v.<br><br>**JBW Group LLC**, a Texas limited liability company,<br><br>**STRATTON DESIGN BUILD, LLC**, an Arizona, limited liability company,<br><br>And<br><br>**Jonathan Stratton**, an individual residing in Arizona<br><br>      Defendants. | Case No. 1:24-cv-1576<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)** |

## COMPLAINT

Plaintiff Hilo Enterprises, LLC ("Hilo") on its own behalf as a realtor on behalf of the

United States of America, by and through its counsel, hereby complains against Defendants JBW

Group LLC ("JBW"), Stratton Design Build, LLC ("SDB"), and Jonathan Stratton, as follows.

## NATURE OF THE ACTION

Plaintiff seeks recovery of damages related to the Hopi Indian Reservation Polacca Wash Pilot Channel & HESCO Barrier Project ("Hopi II") in the amount of no less than $1,564,562.00, exclusive of interest, attorney fees, and punitive damages pursuant to 28 U.S.C § 1332.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Hilo Enterprises, LLC, is a Delaware limited liability company with its principal place of business in Virginia.

2.      Defendant JBW Group LLC is a Texas limited liability company with its principal place of business in Texas.

3.      Defendant Stratton Design Build, LLC is an Arizona limited liability company with its principal place of business in Arizona.

4.      Upon information and belief, Defendant Jonathan Stratton, President of Defendant, JBW, is an individual residing in Arizona.

5.      Upon information and belief, Defendant Jonathan Stratton, Principal of Defendant, SDB, is an individual residing in Arizona.

6.      Plaintiff Hilo is a Delaware limited liability company with its principal place of business in Virginia.  Defendant JBW is a Texas limited liability company with its principal place of business in Texas.  Defendant SDB is an Arizona limited liability company with its principal place of business in Arizona.  Defendant Jonathan Stratton is an individual residing in Arizona. The Plaintiff is of a different state than the Defendants, fulfilling the diversity jurisdiction over this matter, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C § 1332.

7.      Jurisdiction is proper pursuant to 28 U.S.C § 1332.

8.      Venue is proper pursuant to 28 U.S.C § 1391(b)(2).

## GENERAL ALLEGATIONS

9.      Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the forgoing paragraphs as if fully set forth herein.

10.     Hilo, a native Hawaiian-owned business in the Small Business Administration's ("SBA"), 8(a) limited liability program, is in the business of federal contracting and pursues federal contracting opportunities.

11.     During Hilo's business of federal contracting ("Hilo"), former partner, President Jonathan Stratton of JBW ("President"), then the Principal of SDB, worked on several projects, one being the first Hopi Project Hesco ("Hesco").

12.     Hesco adhered to the Joint Venture Agreement, which was awarded to Hilo's joint venture entity, Hilo 8(a) JV LLC. Any project award offered during the duration of President and Hilo's previous business relationship was subject and awarded to the joint venture entity, Hilo 8(a) JV LLC. If at any time, project awards were given directly to Hilo, Hilo subsequently subcontracted President.

13.     The Hesco project, including any correspondence securing, working, and completion of the project, began in or around November 2022 and continued until January 2023.

14.     In or around December 15th, 2022, due to President's business insolvency, SDB, he requested an employee, Al Murietta, ("Al"), be onboarded as an employee to Hilo.

15.     President's insolvency is a direct breach of contract within the Joint Venture Agreement. *See Ex. A.*

16.    President consistently misled Hilo with repeated representations that it could bond and fulfill its financial obligations, contingent to the Joint Venture Agreement and subsequent subcontract agreements.

17.    President's breach of the Joint Venture Agreement led to conversation of the potential disbandment of the joint venture partnership, in or around May 2023.

18.    In or around June 9th of 2023, JBW Group submitted a renewal of its System for Award Management ("SAM"), registration.

19.    In or around June of 2023, Hilo attended a capability briefing on another joint venture project with government officials of the United States Army Corporation of Engineers, ("USACE"), arranged by Al, former employee of SDB.

20.    Congruent to the capability briefing, an associate approached Hilo inquisitive about the termination of President and Hilo's joint venture partnership, as well as Hilo's capability and the subcontractor's willingness to work on the Hopi II project with Hilo, under the belief the Hopi II project would be awarded to Hilo's joint venture entity and in good faith, Hilo's response was both positive and affirmative.

21.    In or around June 27th, 2023, JBW Group's SAM registration was activated.

22.    Al, a former employee of SDB, unexpectedly resigned from Hilo, consequently due to a personal emergency, in or around June 29th, 2023.

23.    Regardless, immediately after quitting as an employee of Hilo, Al, former quality control and site safety health officer on the original Hesco project, promptly created the *JBW Accident Prevention Plan. See* **Ex. B.**

24.    Although Hilo 8(a) JV LLC completed the initial Hesco project successfully and was informed to expect the follow-up project, the project was awarded to JBW Group.

25.     In or around July 8th, 2023, JBW Group was awarded delivery order W912PL23F0023 for $48,500, a workplan for the Hopi II project.

26.     In or around July 20th, 2023, *JBW Accident Prevention Plan* is published and signed.  The signature page, found at Page 7 of 271, indicates that Mr. Wes Lane is the President, Mr. Eric Whittington is Project Manager, Mr. Alberto Murietta is Corporate Safety Officer, and Mr. Kevin Soares is the Site Safety and Health Officer. *See Ex. B, p. 7.*

27.     Jonathan Stratton signed in place of President Wes Lane.

28.     Al originally signed under his own name, as the Corporate Safety Officer, then signed as Mr. Kevin Soares, who was at the time, full-time employee of Straub Construction in California. Kevin Soares was supposedly the Site Safety and Health Officer.

29.     Upon information and belief SDB was a contractor for JBW and provided Hilo's proprietary information to JBW.

30.     In or around July 21st, 2023, JBW Group was awarded delivery order W912PL23F0029 for $1,516,062 for the Hopi II contract.

31.     Hilo officially notified SDB of the dissolvement of the Joint Venture, permanently severing their business relationship, in or around August 7th, 2023.

32.     In or around August 23rd, 2023, SDB replied to the dissolution of the Joint Venture, without any dispute.

33.     In or around September 14th, 2023, the United States Department of Defense announced a combined $99 million Indefinite Delivery Indefinite Quantity award to several groups of contractors for construction services with Naval Facilities Engineering Command, ("NAVFAC").

34.     JBW Group's 8(a) joint venture entity, Stratton-Straub JV, was awarded NAVFAC contract number N62473-23-D-2606.

35.     On or around September 28th, 2023, The Veteran Affairs, ("VA") awarded Stratton-Straub JV with definitive contract 36C26223B0016 for $19,488,000 to modernize the pathology department for the San Diego VA.

36.     JBW Group has actively and consistently abused its role as an 8(a) limited liability company, at the expense of Hilo Enterprises, LLC, no less than misrepresenting facts to former clients' covering its malicious intentions, stealing projects supposed to be awarded to Hilo Enterprises, LLC further injuring Hilo's reputation, and intentionally interfering with the average contractual award process.

37.     The timing of registration, renewal, project awards, and the previous dispute between Hilo and President confirms President's nefarious scheming in order to obtain and secure projects for himself, with little to no regard for others.

38.     Plaintiff therefore prays for an award against the Defendants, jointly and severally, in an amount to be determined at trial, but no less than $1,564,562.00, plus interest, attorney fees, and punitive damages as set forth below.

### FIRST CAUSE OF ACTION
*(Conspiracy to Injure Hilo's reputation, trade, business or profession –*
*Virginia Code § 18.2-499 and 18.2-500)*
*Against all Defendants*

39.     Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.     President and Al entered into an agreement or mutual understanding that directly injured Hilo's business.

41.    With the aim to disrupt the contract award; President knowingly petitioned for Hilo to onboard Al, while President was Principal of SDB, as an employee for Hilo.

42.    President, privy to previous client relationships between Hilo and SDB, knowingly and intentionally traded proprietary information concerning the Hopi II project with Al.

43.    Al worked for Hilo, while his allegiance lied with President, and in bad faith, assisted JBW in stealing Hesco, a project which rightfully belonged to Hilo.

44.    Throughout Al's employment with Hilo, Hilo trusted Al with confidential information, regarding the company, in good faith as their professional relationship permitted.

45.    Such information, under employee contract and in good faith, should be handled with discretion and prudence, especially against competing companies.

46.    As a result of combinations of President and Al, JBW Group was awarded $1,516,062, for the Hopi II project, which otherwise and rightfully would have been awarded to Hilo.

47.    As a direct and proximate result of Defendants' mutual undertaking to willfully injure Hilo's business, Hilo has incurred damages.

48.    Plaintiff therefore prays for an award of no less than $1,516,062, plus interest and attorney fees as provided for by the Virginia Code § 18.2-499 and 18.2-500.

## SECOND CAUSE OF ACTION
*(False claims)*
*Against all Defendants*

49.    Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

50.    The Defendants have knowingly made and used false records and statements to seek payment of false or fraudulent claims from the United States Government in violation of 31 USC §3729(a)(1)(b).

51.    The JBW Accident Prevention Plan, Addendum B, Contract W912PL23D0019 identifies Wes Lane as JBW Group's president. Jonathan Stratton, who is not Wes Lane, signed as Wes Lane. *See Ex. B.*

52.    In the same *JBW Accident Prevention Plan*, Al, who is not Mr. Kevin Soares, the supposed Safety and Health Officer of JBW Group, signed for Kevin Soares. *See Ex. B.*

53.    Under false pretenses, Al and President misrepresent their work history in order to gain project awards, misleading its project staff and government entities.

54.    As a result of the false claims made and presented, the United States Government has incurred damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
*(Conversion)*
*Against Defendant JBW Group*

55.    Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

56.    After successfully completing Hesco, representatives of the Hesco project promised Hilo the Hopi II project.

57.    As such, Hilo had good reason to believe that Hopi's next project would be awarded to Hilo; Hilo had the right to own the project.

58.    As a representative of the Hilo JV, Jonathan Stratton, President of JBW Group LLC, was contacted by USACE, to move forward with the project.

59.     JBW Group stole the project from Hilo and was awarded $1,564,562.00 ("Funds").

60.     President usurped this corporate opportunity breaching his fiduciary duty as a representative of the joint venture.

61.     Noting President's involvement and promise to the Joint Venture Agreement and in good faith, Hilo believed that JBW Group would not steal the project.

62.     President's attempt to recuperate monies by stealing the Hopi II project, after the partnership terminated was a direct attempt to deprive Hilo of the promised project.

63.     Regardless of the terms on which the collaboration ended, Hilo, the joint venture entity, earned the award through its performance on the first project and was promised the project award, and thus far should have obtained it. Hilo was damaged in the amount no less than $1,564,562.00.

64.     As a direct and proximate result of JBW Group's conversion, Hilo has incurred damages in an amount to be determined at trial and will also request punitive damages in an amount to be shown at trial.

### FOURTH CAUSE OF ACTION
*(Intentional Interference with Contractual Relations)*
*Against all Defendants*

65.     Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

66.     A valid verbal contract existed between Hilo and the representatives of the Hopi II project.

67.     JBW Group had knowledge of the contract through Al. President knew of the contract through his personal involvement in Hilo 8(a) JV LLC and adjutant Al.

68.     JBW Group intentionally and unjustifiably induced the representatives of the Hopi II project to breach the contract.

69.     Conclusive to the joint venture partnership, JBW Group established its vitality just before the project could be awarded and while having access to confidential information.

70.     After signing under false pretenses, knowing the representatives of the Hesco project, JBW pursued the project.

71.     The intentional interference from JBW's conduct caused the Hopi II project to be awarded to JBW, subsequently neglecting to adhere to the valid verbal contract already in place.

72.     As a direct and proximate result of Defendants' interference Hilo has incurred damages in an amount to be determined at trial and will also request punitive damages in an amount to be shown at trial.

### FIFTH CAUSE OF ACTION
*(Breach of Fiduciary Duty)*
*Against all Defendants*

73.     Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

74.     President had a fiduciary duty of care and a duty of loyalty to act in the best interests of Hilo as a partner in Hilo 8(a) JV LLC.

75.     As such, Hilo 8(a) JV LLC was promised project awards, namely, the Hopi II project.

76.     At the time, Al, President's confidant, understood the project award should be awarded to Hilo 8(a) JV LLC.

77.     Towards the end of the joint venture partnership, Al and President's collusion led to the activation of JBW Group LLC.

78.     Subsequently, Al unexpectedly resigned as an employee of Hilo and began drafting, on his Hilo employee Dropbox account, the *JBW Accident Prevention Plan. See **Ex. B***

79.     Hilo, notified of Al's continued activity, had reason to assume President was involved in JBW Group LLC, later confirmed on the signature page.

80.     President had a fiduciary duty to disclose and protect projects potentially awarded and promised to Hilo 8(a) JV LLC.

81.     Instead, President used his adjutant to steal the Hopi II project furthermore breaching those duties by sharing trade secrets with JBW Group, which trade secrets were critical to the continued success and wellbeing of Hilo.

82.     As a direct result of Defendants' actions Hilo has been damaged in an amount to be proven at trial and will also request punitive damages in an amount to be shown at trial.

### SIXTH CAUSE OF ACTION
*(Misappropriation of Trade Secrets)*
*Against all Defendants*

83.     Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

84.     Section 59.1-336 of the Virginia Code defines misappropriation of a trade secret as: "1. Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or 2. Disclosure or use of a trade secret of another without express or implied consent by a person (...)."

85.     JBW acquired a trade secret of Hilo through President, who knew that the trade secret was acquired by improper means.

86.    JBW misappropriated trade secrets, including but not limited to, using AI to report activity congruent to Hilo 8(a) JV LLC, establishing the JBW Accident Prevention Plan replicating pages from the Joint Venture Agreement, and conferring with clientele.

87.    As a direct result of Defendants' actions, Hilo has been damaged in an amount to be proven at trial and will request actual loss, any unjust enrichment caused by misappropriation that was not taken into account in computing actual loss, punitive damages, and attorney's fees.

### SEVENTH CAUSE OF ACTION
*(Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)(2))*
*Against all Defendants*

88. Hilo hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

89. Hilo has developed financial, business, technical, and engineering information relating to its relationship and projects with NAVFAC, including, but not limited to, the Hopi II project and the Hesco project as described above ("Confidential Information").

90. Hilo derives independent economic value from the Confidential Information, which is not generally known to, or readily accessible by, the public.

91. Hilo takes reasonable steps to keep the Confidential Information confidential.

92. The Confidential Information constitutes a trade secret.

93. Hilo uses the Confidential Information in interstate commerce.

94. The Defendants have acquired and used the Confidential Information despite knowing it was procured by improper means.

95. The Defendants have used the Confidential Information without Hilo's consent.

96. The Defendants' use of the trade secrets to appropriate the Hopi II project constitutes misappropriation of Hilo's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(2).

97. The Defendants' actions in misappropriating Hilo's trade secrets were committed willfully and maliciously.

98. The Defendants have been damaged by Defendants' misappropriation of Hilo's trade secrets.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgement against the Defendants, as follows:

1. As to the First Cause of Action, three-fold the damages sustained by Plaintiff resulting from Defendants' combination to injure Plaintiff's reputation, trade, business, or profession, plus attorney's fees pursuant to the Virginia Code § 18.2-499 and 18.2-500, jointly and severally against the Defendants.

2. As to the Second Cause of Action, that this Court enter judgment against the Defendants, jointly and severally, in an amount equal to three times the amount of damages the United States of America has sustained as a result of Defendants' actions plus a civil penalty pursuant to 31 USC §3729. Further, Plaintiff requests, pursuant to the Second Cause of Action, an award to it in the maximum amount allowed pursuant to § 3730(d) of the False Claims Act, plus its attorneys' fees and expenses.

3. As to the Third Cause of Action, an amount to be determined at trial resulting from JBW Group's Conversion.

4. As to the Fourth Cause of Action, an amount to be determined at trial resulting from Defendant's Intentional Interference with Contractual Relations, jointly and severally against the Defendants.

5. As to the Fifth Cause of Action, an amount to be determined at trial resulting from Defendant's Breach of Fiduciary Duty, jointly and severally against the Defendants.

6. As to the Sixth Cause of Action, an amount to be determined at trial resulting from Defendant's Misappropriation of Trade Secrets, jointly and severally against the Defendants.

7. As to the Seventh Cause of Action, an amount to be determined at trial resulting from Defendant's Misappropriation of Trade Secrets, jointly and severally against the Defendants, plus exemplary damages of two times the amount awarded Plaintiff resulting from Defendants' willful and malicious actions, plus attorneys' fees.

8. Finally, any such and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,
HILO ENTERPRISES, LLC

By: /s/ Nicholas J. Gehrig
Nicholas J. Gehrig (VSB No. 74910)
**BEAN KINNEY & KORMAN**
2311 Wilson Blvd., Suite 500
Arlington, VA 22201
Tel: (703) 525-4000
Fax : (703) 525-2207
Email: ngehrig@beankinney.com

By: /s/ Aspen M. Jensen
Aspen M. Jensen (*pro hac vice applicant*)
**SUMSION BUSINESS LAW**
1800 Novell Place, 5th Floor

Provo, Utah 84606
Tel: (801) 375-2830
Email: aspen@businesslawutah.com

*Counsel for Plaintiff*